UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BARBARA D. DOLISE,

                          Plaintiff,                    **ORDER**
          -against-                                        CV 03-6382 (ADS)(ARL)

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

                          Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's letter application dated January 10, 2006, seeking to compel the plaintiff to respond to the defendant's discovery demands, without objection, by a date certain and to appear for her deposition. The defendant also seeks an order providing that if the plaintiff fails to produce discovery responses or to appear for a deposition, the plaintiff will be precluded from introducing any evidence in this action. The plaintiff has not responded to the application. For the reasons set forth below, the application is granted.

      By way of background, the parties appeared before the court on June 30, 2005, at which time the court entered a scheduling order directing that all discovery be completed by March 31, 2005. The parties then requested and were granted a sixty day extension of the discovery deadlines. Thereafter, by letter dated May 27, 2005, counsel for the plaintiff advised the court that discovery had been delayed due to her bout with cancer. In response to that letter, the court extended the deadline for all discovery for an additional four months to September 30, 2005.

      Despite the lengthy adjournment, the plaintiff submitted another application to extend the deadline for all discovery for sixty additional days to November 30, 2005, which was also granted. Although it was the parties' third request for an extension, the court was cognizant of the plaintiff's counsel's health issues, and therefore, granted the request. In November, the plaintiff then submitted a fourth application for an enlargement of time to complete discovery. The court warned the parties that it would be the fourth and last extension of the discovery deadline. Despite the courts warning, the defendant now advises the court that "with 13 business days remaining before the close of discovery, this office has not yet received responses to its demands that were served on the plaintiff on July 1, 2004, over eighteen months ago." Nor has the plaintiff appeared for her deposition.

      Accordingly, the defendant's application is granted. The plaintiff shall produce all outstanding discovery by February 3, 2006. The plaintiff shall appear for her deposition by February 17, 2006. If the plaintiff fails to respond to all outstanding discovery requests or to appear for the deposition, upon notification by the defendant of the plaintiff's failure to comply, the court will recommend to the District Judge that the plaintiff's case be dismissed for failure to

prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

Dated: Central Islip, New York
       January 24, 2006

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge